## DUNCAN P. VAIL ET AL. v. EASTON AND AMBOY RAIL-ROAD COMPANY.

1. The clause in the charter of the defendant exempting it from suit after the lapse of a year from the accrual of the cause of action, was not repealed by the re-enactment in the Revision of the act relating to the limitation of actions.
2. It is not necessary, on constitutional grounds, that the title of a charter of a railroad company, which charter contains a clause limiting the time for bringing suits against it, should refer to such provision.

On demurrer to declaration. The facts appear fully in the opinion of the court.

Argued at February Term, 1882, before BEASLEY, CHIEF JUSTICE, and Justices DIXON, REED and MAGIE.

For the plaintiffs, *Bartine & Griggs*.

For the defendant, *McCarter & Keen*.

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. This suit was brought to recover damages from a fire alleged to have been caused by the negligence of the defendant. To this cause of action the defendant pleaded in bar that the suit was not commenced within one year from the time the cause of action arose, as is required by the ninth section of a supplement to its charter, passed April 2d, 1873. *Pamph. L., p.* 1326. To this plea a demurrer was interposed.

In support of the issue thus presented, the counsel of the plaintiffs, in the first place, insisted that the supplement to the charter of the defendant, the ninth section of which is relied on as a bar to this action, has been repealed. The argument by which this position is sought to be maintained is to this

effect: That in the Revision of 1874, the general act relating to the limitations of actions was re-enacted, such re-enactment being approved March 27th, 1874, and that by such re-enacted law it is declared that *all actions* on the case shall be commenced within six years, and that the general repealer contained in the Revision declares that all statutes and parts of statutes consolidated and re-enacted in the Revision, or repugnant to the provisions therein contained, are repealed. The contention therefore is in substance this: That the limitation in the supplement to the defendant's charter giving but the period of one year for the bringing of an action on the case, is inconsistent with the clause in the general act which, with respect to all actions on the case, extends such period to six years   But the fallacy in this reasoning consists in the assumption that these laws are repugnant to each other. According to the well-settled legal intendment, they do not relate to the same subject matter, and therefore cannot be inconsistent.   They do not relate to the same subject matter, because the classes of cases embraced in the general law do not involve the classes of cases comprehended by the special law. This has been repeatedly decided by this court.   In the case of *State* v. *Minton*, 3 *Zab.* 529, it was so adjudged, and under a state of facts not variant, so far as relates to present purposes, from those now under consideration.   In the reported case it appeared that in the charter of the Morris Canal Company it was provided that such company should not be liable to any but a particular specified tax, and it was insisted that this exemption was repealed by the subsequent general law of 1851, which provided that " *all* lands within this state, whether owned by individuals or corporations, shall be liable to taxation," and that " all acts and parts of acts inconsistent with the provisions of this act " should be repealed.   In reply to a contention identical with that which is now urged before us, the court said : " But the words ' acts and parts of acts ' in this supplement are not to be construed as embracing charters of private corporations, or as affecting privileges or immunities granted as such, even though they may be repeal-

able.    The reasonable inference always is, that when the leg-
islature intend to take away these, they will do it in express
terms, and, *e converso*, when they do not do it in express
terms, they do not intend to do it." This doctrine was re-
affirmed in the case of *State* v. *Com'r of Railroad Taxation*,
9 *Vroom* 472, and, indeed, is recognized in a series of other
decisions.  And it is not to be overlooked that, independently
of this rule of construction, which is quite decisive on the
point, there is another pertinent principle which, in itself,
would overthrow the argument thus preferred in behalf of
the plaintiffs.   That principle is that it is but seldom, and
but under extraordinary conditions, that an intent to repeal
a statutory provision is to be inferred from the mere fact of
the posteriority of a law contained in a general revision of
the legislative acts of the state, and which is supposed to be
inconsistent with an antecedent law which was in force at the
time of framing such new compilation.   This doctrine was
propounded and approved of in the case of *Ruckman* v. *Ran-
som*, 6 *Vroom* 567, in which it was stated that it would re-
quire an implication irresistibly cogent to induce to the con-
clusion, in any case, that any act in the Revision under
the act of 1871 was intended to operate, inferentially, as a
repealer, the reasons intimated being that the revisers them-
selves have, with evident care, drawn a repealing act, specify-
ing the acts intended to be repealed, and that it is obvious
that condensation was the primary purpose of the re-enact-
ment of most of the acts.   There are many decisions made
in the courts of other states which express this view.  *Sedgw.
Stat. and Const. Law* 428.   And, indeed, it requires but little
reflection to perceive that a different rule of construction
would operate most injuriously, and that by force of such
implied abrogations as that now claimed, few of the charters
of incorporations, whether public or private, could escape
very serious mutilation.

This position is not sustainable

The next contention was that this supplement to the char-
ter of the defendant is void, the ground alleged being that its

title expresses no intention to limit the time in which actions should be brought against this company, and on this account it is insisted that the constitution of the state has not been complied with.

The act thus criticised is entitled " A supplement to the charter of the Easton and Amboy Railroad Company," &c. · The clause of the constitution which is supposed to have been violated is the fourth paragraph of section 7 of article IV., which provision declares that " every law shall embrace but one object, and that shall be expressed in the title." Nor is the purpose of such provision left in doubt, for the same clause states that it is " to avoid improper influences which may result from intermixing in one and the same act such things as have no proper relation to each other." It is obvious, therefore, that this enactment of the fundamental law requires but two things—first, that the contents of every law shall embrace but a single object, and that object shall be expressed in the title, the design being to prevent heterogeneous matters from being embodied in a single act, and such act from having a deceptive title. In the present instance it was not, and could not be, contended that the clause limiting the liability of the company to suit in a certain class of cases was " an intermixture " having no proper relation to the body of the law ; but the objection was that the title of the act did not express the purpose of creating such limitation. But this contention involves the proposition that not only the object of the law must be expressed in the title, but that the methods by which such object is to be accomplished must be specified. When the title of a statute declares that it is the legislative purpose to incorporate a railroad company, such title expresses a purpose of not only bringing into existence the artificial creature known in law as a corporate body, but of bestowing upon it such appropriate franchises, privileges and immunities as may seem proper and expedient. In regard to such matters the field of legislative discretion must necessarily be a wide one. Under the given circumstances it would seem that any right or immunity could be conferred on a corporate

body unless such right or immunity were wholly incompatible with the nature or functions of such company. And, in fact, it will be found, upon an inspection of our statute laws in this department, that they have been altogether framed on this hypothesis. It seems to me that the questions how far and under what circumstances, and within what period a corporation shall be liable for its acts or negligences, are appropriate subjects for consideration and action whenever a corporate body is to be created, or is to have its capacities amplified or diminished. The title of this act, consequently, was sufficiently expressive of the design to bestow upon this company the qualified exemption in question.

The other matters which were discussed by counsel have been considered by the court, but we think none of them will afford a legal support to this demurrer.

> The defendant is entitled to judgment.